IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MATTHEW K. VOTAW,                )
                                    )
          Plaintiff,             )    TC-MD 110726D
                                      )
          v.                     )
                                      )
DEPARTMENT OF REVENUE,      )
State of Oregon,                   )
                                      )
          Defendant.       )    **DECISION**

Plaintiff appeals Defendant's denial of a lump sum payment as an allowable alimony deduction for tax year 2008.[1] The parties submitted cross motions for summary judgment. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiff alleges that he is entitled to claim the lump sum payment in the amount of $140,000 as an alimony deduction on his 2008 Oregon state income tax return. Plaintiff alleges that:

> "Plaintiffs (*sic*) Dissolution of Marriage document is very explicit and is far from silent as it relates to the lump sum alimony payment. The document specifically states: 'Neither party shall be entitled to periodic alimony, rehabilitative alimony, or bridge the gap alimony and no jurisdiction exists for consideration an alimony award based on those types of alimony. However, on or before June 30, 2008, the Husband shall pay to the wife the sum of $140,000 as and for lump sum alimony. Payment of said lump sum alimony shall be enforceable by contempt'. The Plaintiff's alimony payment was a one-time payment with an expiration date."

(Ptf's Cross-Mot Rebuttal at 3.) Plaintiff states that Plaintiff's:

> "former spouse was required to pay Federal Income Tax on the lump sum alimony payment. The IRS audited" Plaintiff's former spouse's "tax return as she originally failed to claim the lump sum alimony payment as income. If the

___

[1] Defendant challenged other itemized deductions claimed by Plaintiff but those challenges were subsequently resolved in favor of Plaintiff and those disputes are no longer before this court.

Defendants (*sic*) claim that the dissolution of marriage document is silent is valid, then why did the IRS require" Plaintiff's former spouse "to pay income tax on the lump sum alimony payment?  After all it is their definition of alimony that is required to be met.

"Furthermore, the wife was allowed to stay in the marital property until June 30, 2008.  At which date, she was required to vacate the property and execute a Quit Claim deed of the property to the Plaintiff.  The lump sum alimony expiration date of June 30 was designed to coincide with the spouse vacating the marital property. * * * Lastly, the Plaintiff's former spouse vacated the property in May, 2008 and filed a Quit Claim Deed with the court on May, 16, 2008 (Exhibit A).  At which time she was given a lump sum alimony payment as evidence by the canceled check presented in the Plaintiff's prior motion for summary judgment (Exhibit J of prior motion).  The Plaintiffs dissolution of marriage document is similar to a contract and would have required further legal action in order for the Plaintiff to receive the property in the event of" Plaintiff's former spouse's "death prior to the signing of the Quit Claim Deed."

(*Id*. at 4-5.)

## II.  ANALYSIS

The parties filed cross-motions for summary judgment.  Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C.  The parties have stipulated to all of the facts relevant to the disposition of this case.  The court reviews the pleadings to determine who is "entitled to prevail as a matter of law." *Id.*

The parties agree that the only remaining issue before the court is Plaintiff's right to claim a lump sum payment in the amount of $140,000 as an allowable deduction for alimony paid to Plaintiff's former wife.  In analyzing the law governing an allowable deduction for alimony, the court is guided by the legislature's expressed intent "to make the Oregon personal

/ / /

/ / /

/ / /

income tax law identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income of individuals * * *." ORS 316.007.[2]

The Internal Revenue Code (IRC) sets forth the following provisions. IRC section 215[3] permits a taxpayer to deduct payments paid during a tax year for alimony as defined in IRC section 71. Alimony is defined as "any payment in cash if--

"(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

"(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

"(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

"(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (In cash or property) as a substitute for such payments after the death of the payee spouse."

IRC § 71(b)(1).

The parties agree that three (IRC § 71(b)(1)(A), (B) and (C)) of the four required elements of alimony are met. (Def's Cross-Mot for Summ J at 4.) The parties dispute that the statutory requirement of IRC § 71(b)(1)(D) has been met. (*Id.*) The required provision concerning liability for payments after the death of the payee spouse is one of four enumerated criteria for a payment to be considered alimony. IRC § 71(b)(1)(D). Corresponding Treasury Regulation § 1.71-1T(b), question 11 states:

"What are the consequences if the divorce or separation instrument fails to state that there is no liability for any period after the death of the payee spouse to

---

[2] All references to the Oregon Revised Statutes (ORS) are to the 2007 year.

[3] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2008.

continue to make any payments which would otherwise qualify as alimony or separate maintenance payments?"

The answer to question 11 states:

"If the instrument fails to include such a statement, none of the payments, whether made before or after the death of the payee spouse, will qualify as alimony or separate maintenance payments."

*Id.*

The treasury regulations following the question and answer give the following example:

"A is to pay B $10,000 in cash each year for a period of 10 years under a divorce or separation instrument which does not state that the payments will terminate upon the death of B. None of the payments will qualify as alimony or separate maintenance payments."

*Id.*

The IRC and regulations clearly state that for a payment to be alimony the payor's obligation to pay it must terminate on the death of the payee. Plaintiff's Cross Motion Rebuttal states:

"There is no verbiage in the document [Final Judgments of Dissolution of Marriage (Judgment), Ptf's Ex I,] requiring the Plaintiff to pay any alimony in the event of the death of the former spouse prior or post the expiration date."

(Ptf's Cross-Mot Rebuttal at 3.) While agreeing that the Judgment made no provision that "there is no liability for any period after the death of the payee spouse to continue to make any payments," Defendant responded that the court "look[s] to State law to determine whether the payment would terminate by operation of Florida law, as that is the state with jurisdiction over the dissolution of marriage." (Def's Cross-Mot for Summ J at 5.) In support of its argument, Defendant cited the United States Supreme Court case *Commissioner v. Estate of Bosch*, 387 US 456, 465, 87 S Ct 1776, 18 L Ed 2d 886 (1967), holding "that 'the State's highest court is the best authority on its own law.'" (*Id.*) The United States Tax Court in a non-precedent opinion, *Reynolds v. C.I.R*, TC Summ Op 2010-157, 2010 WL 4205709, reached the same conclusion:

"The Court must look to State law, in the absences of specific agreement language to determine whether petitioner's estate would have a right to payments * * *." (Citation omitted).

In this case Plaintiff alleges that a payment labeled "lump sum alimony" is an allowable deduction. However, the label assigned to a payment by the parties is not dispositive for Federal income tax purposes. *See e.g.*, *Beard v. Commissioner*, 77 TC 1275, 1283-1284 (1981); *Sroufe v. Commissioner*, 69 TCM (CCH) 2870, 1995 WL 350921 (1995). Florida courts have stated that lump sum alimony "is a fixed and certain amount, the right to which is vested in the recipient and which *is not* therefore *subject to* increase, reduction, or *termination* in the event of any contingency, *specifically including those of death* or remarriage." *Boyd v. Boyd (Boyd)*, 478 So 2d 356, 357 (1985) (emphasis added). Based on the state court's definition of lump sum alimony, Plaintiff's payment does not meet the IRC definition of alimony because the right to the payment was vested in the recipient and would not be terminated upon her death.

Plaintiff alleges that if he was required to make the payment upon the death of his ex-spouse, the Judgment "would have specifically had a provision in it directing the Plaintiff to pay the lump sum alimony to the Estate or Trust of Ms. Mendia." (Ptf's Cross-Mot Rebuttal at 3.) Plaintiff cited no Florida precedence for requiring such a provision. Florida courts have reached a contrary result, stating that parties "may provide for termination of what would otherwise be a lump sum obligation" in a property settlement agreement. *Boyd* at 358.

The court finds additional support for denial of the deduction because of the direct link between the payment labeled lump sum alimony and Plaintiff's ex-spouse's obligation to "execute and deliver to" Plaintiff "an appropriate Quit Claim or Special Warranty Deed to accomplish the transfer of title as provided for herein." (Ptf's Ex I at 3.) Property settlements incident to a divorce generally are not taxable and do not result in income. IRC § 1041 states

that "No gain or loss shall be recognized on a transfer of property from an individual to * * * a former spouse, but only if the transfer is incident to the divorce." "Incident to the divorce" is defined as "a transfer of property * * * if such transfer—(1) occurs within 1 year after the date on which the marriage ceases, or (2) is related to the cessation of the marriage." IRC § 1041(c). Plaintiffs' Judgment dissolved Plaintiff's marriage. (Ptf's Ex I at 1.) As part of "the cessation of the marriage," a transfer of property was ordered, specifically Plaintiff's ex-spouse was ordered to "execute and deliver" to Plaintiff a quit claim or warranty deed "upon receipt of $140,000" from Plaintiff. (*Id*. at 3.) At that point, a transfer of title and property between the parties would occur and the statutory requirements of IRC § 1041 would be met. Such a transfer is not alimony as defined in IRC § 71.

### III.  CONCLUSION

Based on careful review of the law and evidence, the court concludes that Plaintiff's payment labeled as lump sum alimony does not meet the Internal Revenue Code section 71 definition of alimony and is therefore not an allowable deduction. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal of Defendant's denial of a deduction in the amount of $140,000 for tax year 2008 is denied. Plaintiff's Amended Motion for Summary Judgment is denied. Defendant's Cross Motion for Summary Judgment is granted.

Dated this ___ day of January 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 27, 2012. The Court filed and entered this document on January 27, 2012.*